BRIAN M. BARNARD   USB # 0215
Utah Legal Clinic
Cooperating Attorneys for
    Utah Civil Rights & Liberties
    Foundation, Inc.
214 East Fifth South Street
Salt Lake City, Utah    84111-3204
Telephone: (801) 328-9531



**ATTORNEYS FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH   CENTRAL DIVISION

| | |
|---|---|
| **J. BRONSON,** **G. LEE COOK** and **D. COOK**, | : : **C O M P L A I N T** |
| Plaintiffs, | : |
| vs. | : |
| **SHERRIE SWENSEN**, Salt Lake County Clerk; **VAL RASSMUSSEN**, Salt Lake County Deputy Clerk, Marriage Division; **LORIE TAFOYA**, Deputy Clerk, Supervisor, Marriage Division, | : : Judge Ted Stewart DECK TYPE: Civil DATE STAMP: 01/12/2004 @ 14:11:48 CASE NUMBER: 2:04CV00021 TS |
| Defendants. | : |

Plaintiffs, J. BRONSON, G. LEE COOK and D. COOK, by and through counsel, Brian

M. Barnard of the Utah Legal Clinic as cooperating attorneys for the Utah Civil Rights &

Liberties Foundation, Inc. complain and as causes of actions state as follows:

## NATURE OF ACTION

1. This action under 42 U.S.C. § 1983 seeks to redress a violation of rights protected by the Constitution of the United States. Defendants unconstitutionally infringed on plaintiffs' rights under the First, Fourteenth and other Amendments of the United States Constitution by refusing to issue a marriage license to the plaintiffs. Plaintiffs seek declaratory and injunctive relief as well as nominal damages. Plaintiffs also seek attorney fees and court costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(3), as deprivations of rights created under the United States Constitution.

3. Pursuant to 28 U.S.C. § 1391, venue properly lies in the District of Utah and its Central Division, where the events underlying the plaintiffs' claims took place and where the defendants maintain their place of business.

## PARTIES

4. J. BRONSON is an adult citizen and resident of Utah. As set forth herein, she seeks a marriage license from defendants.

5. G. LEE COOK is an adult citizen and resident of Utah. He is legally married to plaintiff, D. COOK. As set forth herein, he seeks a marriage license from defendants.

6. D. COOK is an adult citizen and resident of Utah. She is legally married to plaintiff, G. LEE COOK. As set forth herein, she approves and agrees to the issuance of a marriage license

by defendants.

7.   Defendant SHERRIE SWENSEN is the duly elected and serving Salt Lake County Clerk. She is the supervisor of the two (2) other defendants and has ordered, trained and instructed those defendants to conduct themselves as complained of herein.

8.   Defendant VAL RASSMUSSEN is a duly appointed and serving Deputy Salt Lake County Clerk in the Marriage Division.

9.   Defendant LORIE TAFOYA is a duly appointed and serving Deputy Salt Lake County Clerk serving as a supervisor in the Marriage Division.

10.   The defendants administer and enforce statutes of the State of Utah with regard to applications for and the issuance of marriages licenses in Salt Lake County, Utah.

11.   At all times pertinent to this action, defendants were acting under color of state law, with power and authority vested in them by Salt Lake County and the State of Utah.

## FACTS

12.   The sincere and deeply held religious beliefs of J. Bronson, D. Cook and G. Lee Cook are that the doctrine of plural marriage, *i.e.*, a man having more than one wife, is ordained of God and is to be encouraged and practiced.

13.   A sincere and deeply held religious major tenet of the beliefs of J. Bronson, D. Cook and G. Lee Cook is the practice of plural marriage similar to that practiced in the Church of Jesus Christ of Latter-day Saints in Utah prior to 1890.

14.   For more than one hundred (100+) years, forebears of plaintiffs and others who hold

religious beliefs similar to those of plaintiffs have practiced plural marriage in Utah based upon sincere and deeply held religious beliefs.

15.   J. Bronson, D. Cook and G. Lee Cook sought a marriage license from the defendants for the purpose of entering in to a plural marriage.

16.   Under most circumstances, unless a marriage license is issued, a marriage in the State of Utah is not legal. Absent a marriage license, plaintiffs cannot enter into a legal marriage.

17.   Ut. Code Ann. § 30-1-7 (1953 as amended) provides:

> No marriage may be solemnized without a license issued by the county clerk of any county of the state of Utah not more than 30 days prior to the date of solemnization of the marriage.

18.   On Monday, December 22, 2003 at approximately ~2:40 p.m., the plaintiffs went to the Marriage Division of the Salt Lake County Clerk's Office at 2001 South State Street, Salt Lake City, Utah.

19.   G. Lee Cook and J. Bronson were seeking a license to enter into a marriage between them.

20.   At said time and place, the plaintiffs G. Lee Cook and J. Bronson paid fifty dollars ($50.00) to Salt Lake County and completed an application form for the purpose of securing a marriage license.

21.   That application indicated that G. Lee Cook was legally married. He orally informed the defendants that he wanted to legally marry a second wife.

22.   Plaintiffs G. Lee Cook and J. Bronson explained to the defendant Rassmussen that G. Lee Cook was legally married to D. Cook. Plaintiffs G. Lee Cook and Bronson explained to the

defendant Rassmussen that the two of them, with the consent of D. Cook, were seeking a marriage license for the purpose of entering into a plural marriage, and that Bronson would become the second wife of G. Lee Cook.

23. Rassmussen told plaintiffs that she could not issue the requested marriage license and that plural marriage in Utah was illegal.

24. Rassmussen's supervisor, defendant Lorie Tafoya was informed of plaintiffs' request and application. Tafoya confirmed that plural marriages as proposed by plaintiffs were illegal and that the requested marriage license could not be issued.

25. Plural marriages are illegal in Utah based upon

Ut. Code Ann. § 76-7-101. Bigamy - Defense.

(1) A person is guilty of bigamy when, knowing he has a husband or wife or knowing the other person has a husband or wife, the person purports to marry another person or cohabits with another person.
(2) Bigamy is a felony of the third degree.
(3) It shall be a defense to bigamy that the accused reasonably believed he and the other person were legally eligible to remarry.

26. Plural marriages are illegal in Utah based upon

Utah Constitution, Art. III, § 1:

Perfect toleration of religious sentiment is guaranteed. No inhabitant of this State shall ever be molested in person or property on account of his or her mode of religious worship; but polygamous or plural marriages are forever prohibited.

This constitutional provision was mandated by the Enabling Act (Act of July 16, 1894, ch. 138, 28 Statutes at Large 107) Section Three, which allowed Utah to become a member of the Union provided "That polygamous or plural marriages are forever prohibited."

27. Swensen, Rassmussen and Tafoya are mandated by Utah law not to issue a marriage license to a person, such as plaintiff G. Lee Cook, who is already and currently legally married.

28. Ut. Code Ann. § 30-1-16 (1953 as amended) provides:

> Every clerk or deputy clerk who knowingly issues a license for any prohibited marriage shall be punished by confinement in the state prison for a term not exceeding two years, or by fine in any sum not exceeding $1,000, or by both such fine and imprisonment, and upon conviction shall be removed from his office by the judgment of the court before which his conviction is had; and if he willfully issues a license contrary to his duty as herein prescribed, he shall be fined not exceeding $1,000.

29. Except as set forth above, Rassmussen and Tafoya gave no other reason to the plaintiffs for their refusal to issue the requested marriage license.

30. Rassmussen and Tafoya refunded the fifty dollar ($50.00) application fee to the plaintiffs.

31. As a result of defendants' conduct, the plaintiffs suffered harm in that they are unable to legally enter into a plural marriage.

32. As a result of defendants' conduct, the plaintiffs suffered harm for which they are in entitled to nominal damages ($1.00).

33. Plaintiffs have incurred attorney fees and court costs in this action for which they seek reimbursement under 42 U.S.C. §§ 1983 and 1988.

## STATEMENT OF CONTROLLING LAW

34. Plaintiffs give notice that the case of Reynolds v. United States, 98 U.S. 145, 25 L. Ed. 244 (1879), if followed in this case, would summarily resolve plaintiffs' claims.

35. Plaintiffs seek a review and overturning of that decision in light of more recent decisions by the United States Supreme Court.

## FIRST CAUSE OF ACTION

### (Declaratory Relief:  United States Constitution)

36. Plaintiffs incorporate herein by reference all paragraphs above as if set forth fully herein.

37. The conduct of defendants violated the First Amendment to the United States Constitution in that defendants have improperly limited and restricted plaintiffs' right and ability to fulfill and practice a major tenet of their religion.

38. Plaintiffs seek and are entitled to declaratory relief to that effect.

## SECOND CAUSE OF ACTION

### (Declaratory Relief:  United States Constitution)

39. Plaintiffs incorporate herein by reference all paragraphs above as if set forth fully herein.

40. The conduct of defendants violated the First and other Amendments to the United States Constitution in that defendants have improperly limited and restricted plaintiffs' right to intimate expression and association.

41. Plaintiffs seek and are entitled to declaratory relief to that effect.

### THIRD CAUSE OF ACTION

### (Declaratory Relief: United States Constitution)

42. Plaintiff incorporates herein by reference all paragraphs above as if set forth fully herein.

43. The conduct of defendants violated the right to privacy of the plaintiffs with regard to private, intimate matters as protected by the First, Fourteenth and other Amendments to the United States Constitution. Lawrence v. Texas, 539 U.S. ___, (2003); 2003 U.S. LEXIS 5013.

44. Plaintiffs seek and are entitled to declaratory relief to that effect.

### FOURTH CAUSE OF ACTION

### (Damages: United States Constitution)

45. Plaintiffs incorporate herein by this reference the foregoing paragraphs as if set forth fully herein.

46. Plaintiffs are each entitled to nominal damages ($1.00) for harm as set forth above based upon violations of rights protected by the United States Constitution.

### RELIEF

WHEREFORE, plaintiffs demand relief as follows:

1. For declaratory judgment that defendants' conduct and the challenged Utah statute and constitutional provision violate rights of the plaintiffs protected by the First, Fourteenth, etc. Amendments of the United States Constitution;

2. For nominal damages for each plaintiff as against defendants for the violation of

plaintiffs' rights under the United States Constitution;

3.  For plaintiff's reasonable attorneys' fees and court costs incurred in pursuing this action pursuant to 42 U.S.C. § 1988; and,

4.  For such other and further relief as the Court deems just and proper.

DATED this 12th day of JANUARY 2004.

        UTAH LEGAL CLINIC
        Attorneys for Plaintiffs

        By _____
            BRIAN M. BARNARD

## CERTIFICATE OF MAILING

I hereby certify that I caused to be mailed a true and correct copy of the foregoing **COMPLAINT** to:

MARK SHURTLEFF
Attorney General
State of Utah
236 State Capitol
Salt Lake City, Utah          84114

and

DAVID YOCOM
Salt Lake County Attorney
2001 South State Street
    South Building
Salt Lake City, Utah 84190

on the 12th day of JANUARY 2004, postage prepaid in the United States Postal Service.

                        UTAH LEGAL CLINIC
                        Attorneys for Plaintiffs

By _____
       BRIAN M. BARNARD