IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| J. BRONSON, G. LEE COOK and D. COOK, | |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR A NEW TRIAL |
| vs. | |
| SHERRIE SWENSEN, Salt Lake County Clerk, | Case No. 2:04-CV-21 TS |
| Defendant. | |

This matter is before the court on Plaintiffs' Motion for New Trial (Plaintiffs' Motion). Pursuant to Fed. R. Civ. P. 52, 59 and 60, Plaintiffs move for a new trial and/or to amend the February 16, 2005 Order on Motions for Summary Judgment (Order). Plaintiffs do not cite a specific subsection of said rules. Instead they "request the court to consider and resolve two . . . matters raised in the previous motions but not addressed in the [Order]." Plaintiffs' Motion at 1. They contend that a "new trial should be granted and/or the summary judgment entered herein appropriately amended." *Id*. at 2.

1

As an initial matter, it does not appear that Rule 52 is applicable as this case was determined on summary judgment.  *See* Fed. R. Civ. P. 52(b) (providing for motion to amend court's findings and judgment in any action tried upon the facts without a jury under subsection (a) of Rule 52).

Similarly, because there was no trial, it appears that Plaintiffs do not seek a new trial under Rule 59(b)("any motion for a new trial shall be filed no later than 10 days after entry of judgment"), but instead seek to alter or amend the Judgment under either 59(e) ("any motion to alter or amend a judgment shall be filed no later than 10 days after the entry of judgment") or Rule 60 (relief from judgment).

> [T]he rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). These two rules are distinct; they serve different purposes and produce different consequences.  Which rule applies to a motion depends essentially on the time a motion is served.  If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). *See Dalton v. First Interstate Bank of Denver*, 863 F.2d 702, 703-04 (10th Cir. 1988) ("post-judgment motions filed within ten days of the final judgment should, where possible, be construed as Rule 59(e) motions").  If the motion is served after that time it falls under Rule 60(b).

*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)(construing a motion to reconsider filed more than ten days of the filing of the judgment to be a Rule 60(b) Motion rather than a Rule 59(e) motion).

Further, Plaintiffs have failed to establish grounds for relief under Rule 60(b).  Such relief is warranted only in exceptional circumstances. *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990).  To be entitled to Rule 60(b)

relief, a party must establish one of Rule 60(b)'s six grounds for relief from judgment. Plaintiffs have not shown exceptional circumstances establishing any one of those six grounds for relief.

In the present case, Judgment was entered on February 17, 2005. Plaintiffs filed their Motion for New Trial on February 28, 2005. Pursuant to Fed. R. Civ. P. 6(a) "Saturdays, Sundays, and legal holidays are excluded in measuring the 10-day period" for Rule 59(e) purposes. Advisory Committee Notes to 1995 Amendments to Rule 59(e). Thus, the Motion was filed within ten days of the entry of judgment and will be considered a motion to alter or amend judgment pursuant to Rule 59(e).

Grounds for relief under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)(analyzing motion to reconsider under Rule 59(e)). Thus, Rule 59(e) relief is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Plaintiffs contend that this court did not resolve two of the issues they raised in briefing. First, they contend that the court's ruling, which cited case law from the State of Utah and followed controlling Tenth Circuit case law, did not adequately consider their claim that the state has no compelling state interest in prohibiting polygamy because the

cited cases had ruled in a "conclusory fashion" without sufficient articulation "supported by facts." Pls' Mem. at 2.

This contention merely revisits an issue Plaintiffs already addressed in their prior memorandums. Therefore, it does not establish grounds to alter or amend under Rule 59(e).

Second, Plaintiffs contend that the court's ruling did not address their argument that the United States Supreme Court case *Lawrence v. Texas*, 539 U.S. 558 (2003) invalidates "Utah's criminalization of the intimate relationship between Bronson and G. Lee Cook." Pls.' Mem at 3.

This is an argument that was previously addressed in the parties' supplemental briefing on the Utah Supreme Court case, *State v. Green*, 99 P.3d 820 (2004). In its Order, the court addressed this issue and noted that "the laws in question do not preclude [Plaintiffs'] private sexual conduct." Order at 9.

Plaintiffs' Motion merely seeks to revisit issues previously argued. Therefore, Plaintiffs have not stated grounds to alter or amend the Judgment under Rule 59(e). Accordingly, it is therefore

ORDERED that Plaintiffs' Motion for New Trial is DENIED.

DATED May 24, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge